**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAREGIN SARGSYAN, | No. 23-101 |
| Petitioner, | |
| v. | Agency No. A071-091-560 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2024
Pasadena, California

Before: PARKER,** HURWITZ, and DESAI, Circuit Judges.

Garegin Sargsyan, a citizen of Armenia, was paroled into the United States in

1991 and became a lawful permanent resident in 1993. In 1998, he was convicted

of conspiracy to commit bank and wire fraud in violation of 18 U.S.C. § 371, and in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge
for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

2011, he was convicted of grand theft of access card information in violation of California Penal Code § 484e(d). After serving his sentence, Sargsyan left the United States.

Approximately two months later, on or about August 3, 2014, Sargsyan arrived at Los Angeles International Airport and applied for admission to the United States as a lawful permanent resident. The U.S. Department of Homeland Security ("DHS") charged him with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as a citizen convicted of a crime involving moral turpitude. Sargsyan conceded inadmissibility but applied for a waiver of inadmissibility under 8 U.S.C. § 1182(h) (a "212(h) waiver").

An immigration judge ("IJ") denied Sargsyan's application and the Board of Immigration Appeals ("BIA") dismissed Sargsyan's appeal. Sargsyan seeks review of the BIA decision. We dismiss the petition for lack of jurisdiction.

1. The Immigration and Nationality Act provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section [212(h)] . . . of this title." 8 U.S.C. §§ 1252(a)(2)(B)–(D). Thus, judicial review is available only if the agency's decision to deny the 212(h) waiver was predicated on a question of law such as an erroneous interpretation of the statute or a colorable constitutional claim. 8 U.S.C. §§ 1252(a)(2)(B)–(D). *See Patel v. Garland*, 596 U.S. 328 (2022); *Wilkinson v. Garland*, 601 U.S. 209 (2024).

The Attorney General may, in his discretion, grant a 212(h) waiver to a noncitizen who is inadmissible under various grounds including having been convicted of a crime involving moral turpitude. 8 U.S.C. § 1182(h). To obtain the waiver, the applicant must first establish that he is legally eligible for discretionary relief and, if eligible, that he warrants a favorable exercise of the agency's discretion.

Sargsyan prevailed on the first prong by establishing that he had a "United States citizen spouse, parent, son, or daughter [who] would suffer extreme hardship if [Sargsyan] were removed," 8 U.S.C. § 1182(h)(1)(B), and both the IJ and the BIA found him statutorily eligible. After making this finding, however, the IJ balanced the equities and, as a matter of discretion, denied the application. The BIA affirmed that finding.

In *Patel*, the Supreme Court held that section 1252(a)(2)(B)'s discretionary-review bar encompasses all factual determinations and "*any* judgment *regarding* the granting of relief," as distinct from the statutory eligibility determination. 596 U.S. at 338. Sargsyan insists that the agency's decision is reviewable because the agency failed to apply the correct legal standard, citing *Guerrero-Lasprilla v. Barr*, which holds that "application of a legal standard to undisputed or established facts" is a mixed question of law and fact reviewable under section 1252(a)(2)(d). *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227–28 (2020). But *Guerrero-Lasprilla* does not apply here. The IJ and the BIA *agreed* with Sargsyan that he satisfied the statutory

eligibility criteria and that the applicable legal standard for weighing the equities is the balancing framework set out in *In re Mendez-Moralez*, 21 I&N Dec. 296 (BIA 1996).

Sargsyan's petition does not take issue with either of those legal conclusions. Rather, it objects to *how* the IJ balanced the equities and assessed his credibility. Our law is clear that evidentiary-balancing determinations such as these are unreviewable. *Safaryan v. Barr*, 975 F.3d 976, 989 (9th Cir. 2020) (noting that this court "lack[s] jurisdiction to review the agency's discretionary weighing of the equities" in a discretionary-review determination); *see also Mendez-Castro v. Mukasey,* 552 F.3d 975, 979 (9th Cir. 2009). And Sargsyan fails to raise a colorable constitutional claim.

Sargsyan also points to the Supreme Court's recent decision in *Wilkinson,* 601 U.S. 209, and this court's decision in *Zia v. Garland*, 112 F.4th 1194 (9th Cir. 2024), as support for the proposition that *Guerrero-Lasprilla*–insofar as it holds that the "application of a legal standard to . . . established facts" is judicially reviewable– governs this case. But *Wilkinson* and *Zia* do not apply for the same reason that *Guererro-Lasprilla* does not: both cases concern an agency's determination regarding *statutory eligibility* for discretionary relief, rather than the exercise of discretion itself.

We therefore lack jurisdiction to consider the petition for review.

**DISMISSED.**